**UNITED STATES of America, Plaintiff,**

**v.**

**Donald McCULLOCH, Defendant.**

**No. CR–1–88–021.**

United States District Court,
S.D. Ohio, W.D.

Sept. 8, 1988.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendant's Motion to Declare Sentencing Guidelines Invalid (doc. no. 17), Memo in Support Thereof (doc. no. 21), and the Government's Response (doc. no. 18).

Defense argues that Congress's placement of the United States Sentencing Commission in the Judicial Branch, and the mandatory inclusion of Article III judges on the Commission as voting members, violate the separation of powers doctrine. Defense further attacks the Guidelines as an unlawful delegation of legislative power.

At the outset, the Court notes that, while other circuits may have considered the question of the constitutionality of the Guidelines on various grounds, to its knowledge the Sixth Circuit Court of Appeals has not considered this issue on any grounds.

As set forth in the United States Sentencing Commission Guidelines Manual, the Commission designed the Guidelines based on the overriding concern with the existing system and directed its work at the apparent unwarranted disparity and inequality of treatment in sentencing. A major goal of the Sentencing Reform Act was to increase uniformity in sentencing by narrowing the wide disparity in sentences. In other words, the Commission's goal was to provide a framework which would insure the dispensing of just and reasonable sentences.

The Sixth Circuit Court of Appeals has spoken on the issue of a reasonable sentence in *United States v. McCann*, 835 F.2d 1184, 1187 (6th Cir.1987). The determination to be made is "whether the sentence imposed is so grossly disproportionate to the crime as to constitute cruel and unusual punishment."

The Court finds that the range dictated by the Guidelines in this case conforms with the purposes of the sentencing practices used by this Court for years in that the punishment is scaled to the offender's culpability, provides for public safety and will be a deterrent sufficient to control crime and lessen the likelihood of future crimes. Further, a sentence in the range mandated by the Guidelines in this case would do justice between the public and the defendant. Therefore, this Court finds that the Guidelines as applied in this case result in a reasonable sentence which is constitutional, and, therefore, DENIES AS MOOT the defendant's Motion to Declare the Sentencing Guidelines Invalid.

IT IS SO ORDERED.